NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| : | **Hon. Dennis M. Cavanaugh** |
| INDAGRO S.A., : | |
| : | **OPINION** |
| Plaintiff, : | |
| : | Civil Action No. 07-CV-3742 (DMC) |
| v. : | |
| : | |
| VENIAMIN NILVA and VIVA : | |
| CHEMICAL CORP., : | |
| : | |
| Defendants. : | |
| : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Indagro S.A.'s ("Plaintiff") motion for a default judgment confirming an arbitration award pursuant to Fed. R. Civ. P. 55 and 9 U.S.C. § 201 et seq. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion for a default judgment is **denied.**

I.    BACKGROUND[1]

Plaintiff's motion arises from the result of an arbitration hearing of the International Chamber of Commerce ("ICC") in Paris, France between Plaintiff and Defendant Viva Chemical Corp. ("Viva"). On May 1, 2007, the ICC awarded Plaintiff over $925,000. Plaintiff filed this action to recover the award from Viva on August 3, 2007. Viva was not aware of this action until

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

December 3, 2007. Plaintiff claimed that Viva had been served on October 10, 2007 through the New Jersey Secretary of State, while Viva claimed to have never received service. It was later determined that a mailing error on the part of the Secretary of State was to blame. On December 6, 2007, Plaintiff filed for default with the clerk of this Court. Viva received the subject Complaint on December 13, 2007, and filed its answer on December 19, 2007.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 6(b)(2), this Court may grant an enlargement of time to permit a late filing after the period specified in Fed. R. Civ. P. 12 where the failure to act timely is due to excusable neglect. Circumstances such as danger of prejudice, length of the delay, reason for the delay and existence of good faith help determine whether neglect is excusable and a time extension should be permitted. Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 395 (1993).

Before this Court can enter a default judgment, it must consider three factors. First, whether or not the plaintiff  will be prejudiced if the default is not granted; second, whether the defendant has a meritorious defense; and third, whether the defendant's delay was the result of culpable misconduct. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Culpable conduct is generally defined by this Court as conduct "which is done willfully or in bad faith." Transport Mgt. Europe NV v. Petty, 2007 WL 726742, *3(D.N.J. 2007); citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983).

## III.   DISCUSSION

First, not granting a default judgment will not prejudice Plaintiff. The delay in this case is

2

a period of five weeks, and only six days after Viva received the Complaint. Plaintiff's only assertion of prejudice can be that they will now have to litigate a matter that they had hoped to win by default. The Third Circuit has stated that "delay in realizing satisfaction on a claim does not generally suffice to establish the degree of prejudice necessary to prevent the reopening of a default." Emasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987); Feliciano v. Reliant Tooling Co. Ltd., 691 F.2d 653, 656-57. (3d Cir. 1982).

Second, Viva's defense is meritorious. Viva cites evidence from the New Jersey Secretary of State that the summons and complaint were sent to the wrong address in their building, and as such, never received notice of the suit. This Court has held in Mettle v. First Union Nat. Bank that a default will be set aside if improperly entered or if the party seeking the default failed to meet a requirement of the rule. 279 F.Supp.2d 598 (D.N.J.2003); citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 493 (3d Cir. 1993). Viva's answer also asserts several affirmative defenses. The Third Circuit held in Emasco that it is not necessary for the District Court to decide the legal issues at this stage of a case. As long as the proffered defenses are not "facially unmeritorious," they are acceptable. 834 F.2d at 74. Viva's defenses seem to be meritorious, and the case should proceed on the merits.

Third, it is clear that Viva's delay was not the result of culpable misconduct. Viva  acted with neither willfulness nor bad faith, the standards by which culpable misconduct is judged. Once Viva's counsel received the complaint, counsel made every effort to reply as quickly as possible, and made contact with Plaintiff. Viva responded to Plaintiff's complaint six days after receiving it, demonstrating that, had service been proper, Viva would not have been in default.

3

Viva's delay fits under the elastic definition of excusable neglect, and its actions indicate no signs of willfulness or bad faith.

Viva has provided considerable evidence to demonstrate that Plantiff will not be prejudiced in the absence of a default, that it has a meritorious defense and that its delay was not the result of culpable misconduct, but rather excusable neglect. As such, Plaintiff's motion for default judgment is **denied**.

**IV.    CONCLUSION**

For the reasons stated, it is the finding of this Court that Plaintiff's motion for default judgment is **denied**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        June   16   , 2008
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

4