**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDAGRO, S.A.,<br><br>Plaintiff,<br><br>v.<br><br>VENIAMIN NILVA and VIVA CHEMICAL CORP.,<br><br>Defendants. | Civil Action No. 2:07-cv-03742 (DMC) (JAD)<br><br>**ORDER** |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion (1) by plaintiff Indagro, S.A. ("Plaintiff") (ECF No. 65) (a) to compel the deposition of defendant Veniamin Nilva ("Nilva") as a corporate designee of defendant Viva Chemical Corp. ("Viva Chemical") pursuant to Fed. R. Civ. P. 30 (b)(6); (b) to compel the deposition of Nilva, in his capacity as president and/or managing agent of Viva Chemical pursuant to Fed. R. Civ. P. 30(b)(1); and (c) for the Clerk to enter default against Nilva; and (2) crossmotion by Viva Chemical (ECF No. 68) to dismiss the Complaint against Nilva. The Court held a hearing on these motions on May 13, 2013. Upon consideration of the parties' submissions, and for the reasons stated on the record during the hearing conducted on May 13, 2012,

1

IT IS on this 14th day of May, 2013

**ORDERED THAT:**

(1) Plaintiff's motion for the Clerk to enter default against defendant Nilva is **GRANTED**; and

(2) Plaintiff's motion to compel the deposition of Nilva, in his capacity as a corporate representative of Viva Chemical pursuant to Fed. R. Civ. P. 30(b)(6), is **GRANTED**. Nilva shall be deposed in Florida within fourteen days of the date of this Order in accordance with the Notice of Deposition of Viva Chemical Corp., dated March 29, 2012 (See Aff. of Andrew S. de Klerk, Ex. 2, ECF No. 65-2); and

(3) Plaintiff's motion to compel the deposition of Nilva, in his capacity as president and/or managing agent of Viva Chemical pursuant to Fed. R. Civ. P. 30(b)(1), is **DENIED WITHOUT PREJUDICE**; and

(4) Defendants' crossmotion to dismiss the Complaint against Nilva is **DENIED WITHOUT PREJUDICE** based on Viva Chemical's lack of standing; and

(5) Counsel for Viva Chemical shall advise the Court and Plaintiff's counsel in writing by no later than May 17, 2013, whether he is authorized to accept service on behalf of Nilva. If counsel for Viva Chemical is not authorized to accept service on behalf of Nilva, the parties shall meet and confer and submit to the Court, by no later than May 24, 2013, a proposed briefing schedule with respect to any motion by Plaintiff regarding service or Nilva's filing of a motion to dismiss.

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Dennis M. Cavanaugh, U.S.D.J.